## No. 717
## MARCH v. NELSON, Treas.
Ohio Appeals, 3rd District, Henry County
No. 122. Decided June 5, 1923

This opinion has not been published except in Abstract.
### 225. INTOXICATING LIQUORS.

Evidence necessary to enforce Liquor Tax assessment—Proof of two sales sufficient.

WARDEN, J.

### Epitomized Opinion

Action to enjoin an assessment for trafficking in spirituous, vinous, malt or other intoxicating liquors under 6071 GC. March owned the house in Napoleon where he and his family lived. In July, 1921, officers intercepted a person coming out of March's house with a bottle of home-made whisky. A search warrant was procured and search of March's home resulted in the discovery of several gallons of liquor of the same kind. March plead guilty to the possession of intoxicating liquor contrary to law. In August the county auditor, upon order of the county auditor placed upon the duplicate an assessment of $1,200 under 6071, 6212-30, and 6212-3 GC. There was some conflict as to the evidence of sales made by March upon the premises, but the Court of Appeals found that there were at least two sales by March on the premises. In holding March liable for the assessment the Court of Appeals decided:

1. Under the Crabbe Act, which defines a bona fide private residence (6212-1 GC.), no greater number of sales of intoxicating liquor are necessary to be proved in a place of residence than would be required in an ordinary business place, and we therefore hold that proof of two sales of intoxicating liquor on the premises of a bona fide private residence is sufficient to sustain the assessment under 6071 GC.

2. There is a respectable authority in this state to the contrary, but all these decisions were prior to 18th amendment.

Attorneys—Ragan & Ragan, for March; J. F. Vanenbroek, P. C. Prentiss, for Nelson, Treasurer of Henry County.

## No. 718
## SCHEIDERER v. McKINZIE et al
Ohio Appeals, 3rd District, Union County
No. 65. Decided March 30, 1923

This opinion has not been published except in Abstract.
### 2A. REAL ESTATE.

Growing timber is considered in Ohio as real estate—A check not a sufficient memorandum to satisfy statute of Frauds—Equity requires that where a person receives money under an unenforceable contract, the money must be returned before equitable relief will be granted.

WARDEN, J.

### Epitomized Opinion

Scheiderer obtained an injunction in the Common Pleas Court of Union county enjoining the defendants from cutting standing timber upon lands in Union county owned by her, and asked for damages in the sum of $40 on account of trees already cut. In their cross-petition, defendants set out that they purchased from Black, plaintiff's ancestor, certain growing trees thereon for the sum of $300, including the trees cut, and also asked for damages in the sum of $205 for the issuance of the injunction. The plaintiff contended that inasmuch as the agreement applied to real estate and was oral, the Statute of Fraud applied. The defendants insisted that the sale converted the growing trees into personalty and also claimed that the check given as the purchase price was a sufficient memorandum. As the lower court held for the defendants, plaintiff prosecuted error. In granting the injunction, the Court of Appeals held:

1. Standing and growing timber is real estate and the sale and payment with intent to remove the same does not convert it into personalty, and therefore the sale of such must be by a contract in writing or evidenced by a memorandum properly signed.

2. In order for a memorandum to be sufficient, it must contain the essential terms of the agreement expressed with such clearness and certainty that they may be understood from the memorandum itself or some other writing to which it refers, and as the check in question falls short of this requirement, it is insufficient.

3. The equity of the case requires that the plaintiff refund to the defendant the sum of $300 paid for the timber before the injunction will be made perpetual.

Attorneys—Myers, for Schneiderer; G. A. Hoopes, for McKinzie et al.